IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW KREUSER, derivatively on behalf of GOHEALTH, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CLINTON P. JONES, TRAVIS J. MATTHIESEN, BRANDON M. CRUZ, JOSEPH G. FLANAGAN, HELENE D GAYLE, JEREMY W. GELBER, ANITA V. PRAMODA, MIRIAM A. TAWIL, and ALEXANDER E. TIMM, <br><br> Individual Defendants, <br><br> and <br><br> GOHEALTH, INC., <br><br> Nominal Defendant. | Case No. 1:21-cv-02716 <br><br> Hon. Sharon Johnson Coleman |

**ORDER**

Having considered the Parties' Joint Motion To Stay This Action, and GOOD CAUSE appearing therefore, it is hereby ordered that:

1. All proceedings in this Derivative Action, including Defendants' response to the Complaint, shall be deferred until resolution of the motion for class certification in the Securities Class Action, or until otherwise agreed to by the Parties, but subject to each Party's right to unilaterally terminate the stay with 15 days' notice (as described below);

2. Within 30 days of the termination of the stay, the Parties shall meet and confer and submit a proposed schedule for further proceedings in this Derivative Action and advise the Court accordingly;

3. Plaintiff's counsel, The Brown Law Firm, P.C., is appointed plaintiff's interim

1

Lead Counsel in the Derivative Action, and if and when a derivative case that properly belongs as part of the Derivative Action is hereafter filed in this Court or transferred here from another court, counsel shall promptly call to the attention of the Clerk of the Court the filing or transfer of any case that might properly be consolidated as part of this Derivative Action;

4. Any Party has the option to terminate this stay by giving 15 days' notice to the other Parties' counsel via email;

5. Defendants shall promptly notify Plaintiff of any related derivative actions, Delaware Corporations Section 220 demands, or litigation demands;

6. Defendants shall produce to Plaintiff any documents produced in the Securities Class Action, any related derivative actions, Delaware Corporations Section 220 demands, or litigation demands, subject to a confidentiality agreement and/or protective order;

7. Defendants will promptly inform Plaintiff of any scheduled mediation in the Securities Class Action, and will include Plaintiff in such a mediation;

8. Defendants will promptly inform Plaintiff of any scheduled mediation in any related derivative actions, Delaware Corporations Section 220 demands, or litigation demands, and will include Plaintiff in such a mediation;

9. Plaintiff shall be permitted to file an amended complaint during the pendency of the stay. Defendants shall have no obligation to respond to any such complaint while this action is stayed, unless otherwise ordered by the Court;

10. Any conferences currently scheduled shall be postponed until after the stay in this action is lifted;

11. The Parties shall meet and confer and submit a proposed scheduling order to the Court within 30 days of the date that the stay is lifted.

IT IS SO ORDERED.

DATED: 6/7/202

_____
Sharon Johnson Coleman
United States District Judge